175 N.J. Super. 598 (1980)
421 A.2d 602
VICTOR D'ARC, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
MARY LEA J. D'ARC, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1980.
Decided October 10, 1980.
*600 Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.
Monroe Ackerman argued the cause for appellant and cross-respondent (Monroe Ackerman and Neil Braun on the brief).
Richard H. Thiele, Jr. argued the cause for respondent and cross-appellant (Herold & Ragsdale, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Plaintiff appeals and defendant cross appeals from a final judgment dated December 1, 1978 dealing with the alimony, equitable distribution and counsel fee aspects in this divorce action. This judgment covered only these financial matters because the case had been bifurcated and a divorce granted on December 20, 1977. At the conclusion of the trial Judge Imbriani filed a written opinion in which he set forth his findings of fact and conclusions of law. 164 N.J. Super. 226 (Ch.Div. 1978). We accept his findings of fact which are fully supported by the record. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974). Consequently the judgment of December 1, 1978 is affirmed substantially for the reasons set forth in the written opinion of Judge Imbriani, except as modified herein and subject to the additional comments we make. Our decision, however, is not to be deemed to have affirmed the interlocutory order of Judge Imbriani entered as a result of his opinion reported at 157 N.J. Super. 553 (Ch.Div. 1978). The record before us is not adequate for us to review that decision and, in any event, since the tape was admitted on another ground it is not necessary to decide the issue.
A preliminary question exists as to whether we should even consider plaintiff's appeal. The trial court, by orders dated *601 March 27, 1979 and June 11, 1979, directed plaintiff to comply with the judgment in particular acts. Plaintiff did not comply with the orders. Consequently, defendant obtained a further order on June 29, 1979 for a warrant for plaintiff's commitment. R. 1:10-5. The warrant was issued on the same day. It recites that plaintiff is to be committed until he furnishes defendant with a record of safe deposit box entry, returns to her art works and items of personal property and turns over to her a $50,000 certificate of deposit as well as stock in Bernards State Bank or the proceeds thereof. The warrant has not been served because plaintiff is in New York. Counsel for defendant has indicated that there are difficulties in making service there. But regardless of the legal enforceability of the order in New York, plaintiff had an obligation to comply with the order of Judge Imbriani since no stay was issued pending appeal. In the circumstances, in view of the willful default of plaintiff we would be fully justified in dismissing his appeal and confining his participation before us to opposition to defendant's cross-appeal. See Sarner v. Sarner, 45 N.J. Super. 216, 221-222 (App. Div. 1957), certif. den. 25 N.J. 103 (1957); Kirchner v. Kirchner, 5 N.J. Super. 341 (App.Div. 1949); cf. Mahne v. Mahne, 66 N.J. 53 (1974) (court more inclined to dismiss complaint than suppress answer when privilege against self-incrimination invoked by a party); R. 4:37-2(a) (complaint may be dismissed if plaintiff fails to comply with order of court). But since the practical consequence of determination of the cross-appeal results in disposition of plaintiff's appeal, we have decided to consider the appeal on the merits.
Plaintiff asserts that the tape recording of his alleged conversations should not have been admitted because it may have been the product of illegal wiretapping and thus inadmissible. 18 U.S.C.A. § 2511. The point is without merit. The testimony of defendant at trial showed that one of the parties to the conversation, Theodore Fino, told her he made the tape. Though defendant's testimony was hearsay, it nevertheless could be considered in a preliminary proceeding under Evid. R. 8 to determine admissibility of the tape, particularly since defendant *602 could rightly regard Fino as not available. State v. Moore, 158 N.J. Super. 68, 80-84 (App.Div. 1978). In any event, there is no showing of illegal wiretapping-only speculation by plaintiff.
Plaintiff argues that his conduct should not have been considered as germane in denying him alimony. We agree with the trial judge that by stipulation defendant reserved her rights to assert plaintiff's fault on this issue.
The only points on which we disagree with Judge Imbriani are raised by defendant's cross-appeal. She objects to distribution to plaintiff of any assets derived from her and the partial allowance of his counsel fees against her. With respect to equitable distribution Judge Imbriani indicated that:
Candidly, the court believes that Dr. D'Arc is entitled to nothing, but to compel an accounting of assets which he has secreted or already expended may well be a venture in futility and consume inordinate time of counsel and the court.
We agree with Judge Imbriani that plaintiff is entitled to nothing by way of equitable distribution of any assets derived from defendant. We also agree that attempting to collect the assets may be an exercise in futility. Certainly, plaintiff's failure to comply with the prior post-trial orders is not encouraging. But nevertheless, plaintiff cannot be permitted to obtain any distribution from a woman whom he tried to have murdered. Further, his contribution to the monetary status of defendant was to help her spend her money. We are quite clear that she cannot be denied the recovery of her assets on the pragmatic theory that the order will be difficult to enforce. Judgments are often entered in circumstances where their satisfaction is doubtful. Thus we reverse the order of December 1, 1978 insofar as it awards to plaintiff the proceeds of sale of the United Nations apartment asserted to be $120,000, the cash proceeds of $16,000 received from the sale of 1,000 shares of stock in Bernards State Bank, the small bank accounts and life insurance policies which he cashed and from which he took the proceeds of about $25,000, and the proceeds from the sale of the art objects sold prior to the divorce on December 20, 1977. While the precise amounts of these items have not been established, defendant is entitled to them. We will remand this *603 matter for further proceedings by the trial court to determine precisely what is owed defendant.
The trial judge allowed plaintiff a counsel fee on the theory that notwithstanding his attempt to have his wife murdered he may have considered himself entitled to alimony and a substantial share of the marital assets. Perhaps this is so, but nevertheless we consider that it is an abuse of discretion to award counsel fees in the extraordinary circumstances of this case.
The judgment of the Superior Court, Chancery Division, is affirmed except insofar as it awards plaintiff an equitable distribution of assets and a counsel fee from defendant. As to these items it is reversed. The award of counsel fees is deleted. The matter is remanded to the trial court for entry of a final judgment in favor of defendant as to the items previously distributed to plaintiff. If necessary, supplementary proceedings may be conducted in that court to determine exactly what is due defendant within the framework of this opinion. We do not retain jurisdiction.