179 N.J. Super. 121 (1981)
430 A.2d 953
DIANA RAYBIN, PLAINTIFF-RESPONDENT,
v.
LARRY RAYBIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1981.
Decided May 19, 1981.
*122 Before Judges MATTHEWS, MORTON I. GREENBERG and LOFTUS.
Alexander Kushner argued the cause for appellant (Tulipan & Kushner, attorneys).
Lynne Strober argued the cause for respondent (Citrino, Balsam, Daunno & Strober, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
*123 The issue raised by appellant in this matrimonial action relates to the trial court's jurisdiction to enter a divorce between the parties. Defendant's appeal does not question the substantive provisions of the judgment.
The significant facts as developed in the trial court are as follows. Plaintiff and defendant were married in New York on May 13, 1972. Subsequently, on December 3, 1973, they purchased a single-family dwelling at 12 Liberty Road, Marlboro, New Jersey. They took title as tenants by the entireties. They resided together at these premises until October 31, 1976, when defendant left the premises and moved to New York. Plaintiff continued to reside at the premises after defendant left. On April 1, 1977 plaintiff filed a complaint for separate maintenance against defendant. The complaint recited that she resided at 12 Liberty Road in Marlboro Township, New Jersey. In her complaint she set forth in considerable detail alleged acts of extreme cruelty committed by defendant commencing July 1976.
Defendant moved to dismiss the action for want of jurisdiction. He attached an affidavit to his motion asserting that neither party was a resident of New Jersey when the case was brought. On July 20, 1977 the trial judge signed an order denying the motion to dismiss without prejudice. The order recited that the court had jurisdiction.
Thereafter the trial judge appointed a receiver to sell the parties' property in Marlboro. The property was sold in September 1977 for a gross price of $91,000. After the payment of liens, expenses and fees there was a net left of $48,418.53. That sum was deposited with the Clerk of the Superior Court.
Subsequently plaintiff served a motion to amend the complaint to seek a divorce. Defendant opposed the motion on the ground that neither party was domiciled in New Jersey. On April 10, 1978 the trial judge signed an order granting plaintiff's motion and specifically allowing her to amend the complaint to seek a divorce on the ground of extreme cruelty. Plaintiff did *124 file an amended complaint for divorce on April 6, 1979. The amended complaint incorporated the original complaint by reference. It sought a divorce on the grounds of both desertion and extreme cruelty. The facts said to constitute extreme cruelty were set out at length in the amended complaint. They included certain of the allegations asserted in the original complaint. However, the amended complaint was more detailed and included charges concerning additional incidents.
Defendant also sought a divorce in the Superior Court in 1979. He filed a counterclaim, dated February 26, 1979, to plaintiff's original complaint in which he asserted that plaintiff resided at 11 Liberty Road in Marlboro.[1] Defendant asked for a divorce on the ground that the parties had been separated for 18 months and that there was no reasonable prospect for reconciliation. He alleged that at the end of 18 months plaintiff resided at 11 Liberty Road, Marlboro, New Jersey.
When the case came on for trial defendant, notwithstanding his counterclaim, pressed his contention that the court should dismiss the action because it did not have jurisdiction. The trial judge, however, found as a fact after taking testimony that plaintiff had been a resident of New Jersey when the separate maintenance action was brought and when the acts of extreme cruelty were committed. It appeared, however, that plaintiff moved to New York after the sale of the Marlboro property and before the amended complaint was filed. Nevertheless, the trial judge found there was jurisdiction because plaintiff had been forced to move from New Jersey because of the circumstances confronting her after defendant had left. On September 27, 1979 the judge signed an order granting plaintiff a divorce on the ground of extreme cruelty. The order also made partial provision for equitable distribution and provided that she be awarded the net proceeds of the sale of the property at 12 *125 Liberty Road, Marlboro. Plaintiff was to seek further information with respect to other assets.
Defendant served a post-trial motion heard on September 27, 1979. This motion again asserted that the court did not have jurisdiction. Thus defendant wanted the judgment of divorce vacated. Alternatively, defendant requested a stay of the order of equitable distribution of the net proceeds of sale of the Marlboro property. The trial judge denied the motion to vacate. However, she granted a partial stay. She reasoned that ultimately, regardless of the outcome of an appeal, plaintiff would be entitled to one-half of the proceeds of the sale of the property. Therefore, one-half was ordered released to plaintiff. The balance was to continue to be escrowed. On October 16, 1979 an order denying the motion to vacate and allowing plaintiff to withdraw one-half of the proceeds of the sale was entered.
On October 22, 1979 defendant appealed from the judgment of divorce. On November 28, 1979 the trial judge signed an order correcting a clerical error in the judgment of divorce and, subject to the right of plaintiff to withdraw one-half of the proceeds of the sale, staying the final judgment. An amended notice of appeal was then filed by defendant from this order. Our opinion, of course, embraces the entire appeal, including any issue raised by the amended notice of appeal.
There were various applications for relief made to this court during the pendency of the appeal, and a complete disposition of this matter necessitates that reference be made to certain of them. By our order of February 15, 1980 we required defendant to place $10,000 in an escrow account to cover fees to plaintiff's attorneys. Defendant is in violation of that order. His counsel at oral argument could give no legitimate explanation as to why defendant had not complied with the order. Our order of February 15, 1980 also provided that the one-half of the proceeds of the sale of the Marlboro property be released to plaintiff and that from the other one-half remaining in escrow *126 $100 a week support be paid plaintiff. The provision for the release of one-half to plaintiff repeated the trial court's order.
On October 6, 1980 plaintiff moved to dismiss defendant's appeal, to enter a judgment against defendant for $10,000 (the amount defendant had been required to post pursuant to our order of February 15, 1980) and to enter a judgment for pendente lite support. We denied these motions without prejudice, by our order of October 29, 1980. Plaintiff has now moved for reconsideration of that order. By this opinion we dispose of plaintiff's motion to renew.
Plaintiff is on solid ground when she requests us to dismiss the appeal. Our order of February 15, 1980 granted plaintiff's motion that defendant be required to place $10,000 in escrow as a reasonable and adequate amount to cover her legal fees on this appeal. Defendant has ignored this order. Thus, we would be fully justified in dismissing his appeal. See D'Arc v. D'Arc, 175 N.J. Super. 598, 600-601 (App.Div. 1980), certif. den. 85 N.J. 487 (1980).
Nevertheless, we deny plaintiff's motion to dismiss the appeal. Defendant's challenge to the judgment of the trial court is that it did not have jurisdiction to grant the divorce. Defendant does not challenge the merits of the trial court decision. While we are aware that since defendant participated at the trial level he would be bound by the trial court's decision finding that there was jurisdiction even if we dismissed his appeal, there is a further interest involved in this divorce case. Trial courts should not entertain divorce actions if they do not have jurisdiction, even if the parties consent. Consequently, we will reach the issue on the merits.
Under N.J.S.A. 2A:34-10 the Chancery Division had jurisdiction to grant the divorce if plaintiff was a bona fide resident of this State when the cause of action arose and continued to be such a resident when the complaint was filed, provided that she had been a resident for one year prior to the commencement of the action. For these purposes a bona fide *127 resident means a domiciliary. Voss v. Voss, 5 N.J. 402, 406-407 (1950). There can be no doubt that if plaintiff had filed an action for divorce instead of separate maintenance on April 1, 1977, the court would have had jurisdiction. Plaintiff had resided in New Jersey for several years. The trial judge found as a fact that plaintiff had been a resident when the original complaint was filed and when the acts of extreme cruelty were committed. Our review of the record convinces us that the evidence fully supports these findings and accordingly we accept them. See Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974). Indeed, defendant in his brief on this appeal states:
In the present case, the plaintiff filed a complaint for separate maintenance on March 28, 1977, while the plaintiff was still residing in the marital home. Apparently the court did have jurisdiction over that particular action since the plaintiff was a resident in the state and the court obtained in personam jurisdiction over the defendant.
We recognize that some of the acts of extreme cruelty set forth in the original complaint could not have been asserted in a complaint for divorce filed on April 1, 1977 because they occurred less than three months before that date. See N.J.S.A. 2A:34-2 c. Nevertheless, plaintiff could have sought her divorce on the basis of prior conduct.
But plaintiff did not file a complaint for divorce until April 6, 1979. At that time she was no longer a New Jersey resident. Nevertheless, the amended complaint clearly relates back to the time of the filing of the original complaint. R. 4:9-3 provides that:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading, but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.
This case is within the exact terms of R. 4:9-3. The claims for both separation and divorce were generated when defendant left plaintiff. Plaintiff asserted acts of extreme cruelty which to some extent were identical in each complaint. Plaintiff even partially sought the same relief in each case  support for herself. *128 Further, we can discern no prejudice to defendant in allowing the amended complaint to relate back.
Finally, we observe that we perceive no circumvention of the policy of N.J.S.A. 2A:34-2 c in allowing the relation back. It is true that, by relating the complaint back, acts of extreme cruelty within three months of the filing of the complaint are included. Indeed, here the extreme cruelty alleged extended even after the filing of the original complaint. Nevertheless, the purpose of the three-month delay is so that the putative plaintiff may reflect on the serious nature of bringing a divorce action. See Soos v. Soos, 14 N.J. Misc. 381, 384 (Ch. 1936). The long delay in this matter, when coupled with defendant's conduct (of which more will be discussed below), has satisfied us that plaintiff has had an adequate opportunity to reflect. In the circumstances we hold that the amended complaint related back to the time of the filing of the original complaint and that the trial court had jurisdiction in this case.
In view of our decision with respect to jurisdiction we find it not necessary to consider what was the consequence of defendant's filing of his counterclaim for divorce. Finally, we note that plaintiff, in her certification dated January 7, 1980 on a motion in this court, asserted that defendant had "recently sired a child...." At oral argument we were advised that he has, in fact, remarried. We are aware of no divorce in any state which could have justified this conduct other than the very judgment which defendant so vigorously challenges. But in view of our disposition we find it unnecessary to determine whether by reason of defendant's apparent reliance on the judgment his appeal should be dismissed. See Tassie v. Tassie, 140 N.J. Super. 517 (App.Div. 1976).
The final matters to dispose of are plaintiff's motion to enter judgment for $10,000 and to enter judgment for the amount of support pendente lite. There is no basis to enter the judgment for $10,000 and therefore we need not consider the appropriateness of any such order. No award of a fee in that amount was made. It was our intention that the escrow fund *129 was simply to be security for a later award of fees.[2] Consequently, that motion is denied. Of course, plaintiff is free to move before this court for a counsel fee. R. 2:11-4. Plaintiff is undoubtedly entitled to a judgment for arrearages for support pendente lite. The payments of support from the escrow fund were from her money as awarded in the judgment of divorce which we now affirm. Consequently, defendant is entitled to no credit for any payments made from the escrow fund. However, we think it more appropriate that a judgment be entered in the trial court. Accordingly, we will remand the matter to that court and plaintiff may make her motion for judgment there.
The judgment of divorce as corrected is affirmed and the matter is remanded to the Superior Court, Chancery Division, Monmouth County. We do not retain jurisdiction.
NOTES
[1] Plaintiff testified at a deposition that this property was owned by a friend of hers.
[2] The circumstances of this case justified entry of this unusual order. Defendant had left the State and had no property here other than the marital home. Plaintiff had not even been able to determine the value of his assets owned out of New Jersey. Thus the judgment of divorce made no final order of equitable distribution. Rather, it gave plaintiff partial distribution and authorized her to determine the value of his other assets. This was not a case where defendant had cooperated, as required by Rothman v. Rothman, 65 N.J. 219, 232-233 (1974). Further, defendant was not complying with an order for support.