21745

Levis WHITFIELD, Respondent, v. Linda Whitfield HANKS, Appellant.
(293 S. E. (2d) 314)

*Robert A. Gamble*, of *Gamble & Galloway*, Anderson, *for appellant*.

*Glenn W. Thomason*, of *Long, Thomason & Mullinax*, Anderson, *for respondent*.

June 29, 1982.

*Per Curiam:*

The only issue on appeal is the authority of the family court to modify a provision of a prior divorce decree regarding possession of the marital home. Appellant argues the provision effected a division of property and is unmodifiable. We find the provision was an incident of support and therefore affirm.

The parties were divorced by decree dated June 21, 1972. Appellant was awarded custody of the three minor children. Respondent was ordered to pay child support, major medical

bills incurred by the children, and certain debts of the family. He was also ordered to transfer title of an automobile to appellant.

Appellant was granted possession of the marital home, along with the household furniture and furnishings. Respondent was required to make the monthly payments on the home and furniture and to pay the insurance and taxes on the home. There was no appeal from the divorce decree.

In January 1981 respondent petitioned for modification of the decree alleging a change in circumstances. The following changes in circumstances were shown to have occurred: appellant has remarried; two of the three children are emancipated; and appellant, who was unemployed at the time of the divorce, is now gainfully employed. Based on the changed conditions, the family court ordered that possession of the marital home, which is titled in respondent's name only, be returned to respondent. Other provisions of the order are not pertinent to this appeal.

Appellant argues that the award of possession of the home to her by the divorce decree was a division of property and as such is not subject to modification. She argues the provision granted her in essence a life estate in the home.

The family courts are empowered by statute to include ■■ in an order for support a requirement for the providing of necessary shelter. S. C. Code Ann. § 20-7-420(15) (Supp. 1981). The requirement that the supporting party make mortgage payments may be an incident of support. *See Grubbs v. Grubbs,* 272 S. C. 138, 249 S. E. (2d) 747 (1978); *Mays v. Mays,* 267 S. C. 490, 229 S. E. (2d) 725 (1976). A party who is granted possession of a residence as an incident of support does not obtain a vested right to remain in the home for his lifetime. Rather, changed circumstances may necessitate a future change in such a provision. *Taylor v. Taylor,* 271 S. C. 488, 248 S. E. (2d) 315 (1978).

We hold the family court had authority to modify the provision based on a proper showing of changed conditions. Appellant does not challenge the sufficiency of the evidence presented by respondent to establish a material change in circumstances. Accordingly, the order of the family court is affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.