0120

Donald Ray JONES, Appellant, v. Lily Carolyn JONES, Respondent.
(314 S. E. (2d) 33)

Court of Appeals

*Kermit S. King* and *Charles W. Gambrell, Jr.,* Columbia; and *William F. Robertson, III,* Greenville, *for appellant.*

*J. D. Todd, Jr.,* Greenville, *for respondent.*

Heard Jan. 31, 1984.

Decided March 5, 1984.

CURETON, Judge:

In this divorce action, the husband appeals from the order of the trial judge and asserts: (1) the equitable distribution award to the wife was excessive, (2) the alimony award was excessive, (3) the trial court should not have awarded the wife the exclusive use of the marital home, while requiring him to pay the taxes, insurance and maintenance costs thereon, and (4) the trial judge failed to consider the tax consequences to him in making the several awards to the wife.

The parties were married approximately twenty-nine years and have four children, two of whom are now emancipated. The trial judge awarded the wife custody of the minor children, $400 monthly alimony, $200 monthly child support, exclusive use of the marital home until the youngest child reaches eighteen, and a one-half interest in all of the real estate owned by the parties consisting of a home worth ap-

proximately $80,000 and four lots worth $6,000 each. Additionally, the husband was ordered to maintain hospitalization and major medical insurance coverage on the minor children and to pay the taxes, insurance and maintenance costs on the marital home until the youngest child reaches age eighteen. The husband was permitted to retain the $15,000 in cash he withdrew from the bank at the time of the parties' separation.

With respect to the award to the wife of a one-half interest in the real estate, the husband contends the award is excessive because the record does not demonstrate that the wife's contributions to the acquisition of the property warranted such an award. We disagree.

In making an equitable division of marital property, the family court may employ any reasonable means, *Taylor v. Taylor*, 267 S. C. 530, 229 S. E. (2d) 852 (1976), and its decision in this regard will not be disturbed by this Court unless found to be an abuse of discretion. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980). We cannot develop a precise mathematical formula to govern our family court judges in making such awards, *Baker v. Baker, supra;* we must rely, therefore, on our family court judges whose mature judgments we accord great deference. However, the amount of the wife's award should bear a reasonable relationship to her contributions to the acquisition of the property, *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601 (1981), or the financial and material success of the family, *Moyle v. Moyle*, 262 S. C. 308, 204 S. E. (2d) 46 (1974).

Here, while the wife's monetary contributions to the acquisition of the marital properties were small when compared to the husband's, the record reveals she was a good wife who raised the parties' children, performed usual wifely duties and worked outside the home for at least twenty years out of the twenty-nine-year marriage. We therefore find no abuse of discretion in the amount of the award.

We next consider the husband's argument that the alimony award was excessive. When making an alimony award, the court must consider a number of factors, *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981), and its discretion will not be disturbed unless abuse is shown, *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975). In the case *sub judice*, the wife's income was approximately $7,200 a

year while the husband's expected income exceeded $35,000 a year. Although at the time of the divorce hearing, the husband had not received a paycheck for two of his last four pay periods, he testified he expected that situation to be only temporary. The trial court also found that his employment status was only temporary. In view of the fact that the husband could petition for relief if his employment situation proved otherwise, we see no abuse of discretion in the trial judge's treatment of the husband's employment status.

The husband next argues that the trial court erred in awarding the wife the use of the marital home until the youngest child reaches age eighteen. The announced basis for this award was that since the home was suitable for the wife and minor children, "it would be unfair to order the [wife] and the two children out of this home. . . ." Although not set out in the divorce decree, we think it apparent that the trial judge intended the use of the home to constitute an incident of support and not a property division.[1]

In the case of *Smith v. Smith*, 312 S. E. (2d) 560 (S. C. App. 1984), we said that where a spouse is awarded custody of minor children, that fact may constitute sufficient reason for granting the custodial spouse exclusive use of the marital home. We did not indicate, however, that in every case, the court must necessarily award exclusive use of the marital home to the custodial spouse. We think that the trial court must in such cases weigh the cost, inconvenience and other hardships that may be experienced by requiring the custodial spouse to move out of the marital home to the burden imposed upon the non-custodial parent in being unable to realize his equity from a sale or other disposition of the home.

Here, the husband has been deprived, by a conservative estimate, of over $30,000 equity in the marital home. Additionally, the husband has been enjoined from mortgaging his interest in the home. At oral argument we were advised that the youngest child will become eighteen in approximately two years. We, therefore, do not think it unreasonable to require the husband to wait two more years before

---

[1] We presume that the trial court intended that one-half of the value of the use of the home should be regarded as child support, since the alimony award appears to have been a full one.

he can dispose of his equity in the home. On the other hand, we see no compelling reason to restrain the husband from mortgaging his interest in the home during the period that the wife has exclusive use thereof. The wife is adequately protected from the effects of foreclosure against the husband's one-half interest in the property, since the mortgagee would have notice, pursuant to the divorce decree, of the wife's right of possession and any such mortgage lien would be subject to such right. We therefore reverse the trial court on this particular and modify the decree accordingly.

Likewise, we think the trial court's order requiring the husband to pay the taxes, insurance and maintenance costs on the house is an abuse of discretion in light of the other awards. The record does not show the trial judge placed any monetary value on these awards, nor did he satisfy Family Court Rule 27(C) by designating the awards as alimony or child support. Moreover, we are of the opinion that the alimony, child support and equitable distribution awards were adequate under the circumstances, without this additional award.

Lastly, the husband contends that the trial court committed error in failing to consider the tax consequences of the awards. This issue was not presented to the trial court by way of pleadings or argument and therefore this court need not consider the exception. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980). The trial court should not be reversed for a non-jurisdictional error that was not called to its attention. *See Williamson v. S. C. Electric and Gas Company,* 236 S. C. 101, 113 S. E. (2d) 345 (1960).

The husband argues, nonetheless, that the requirement that the trial court consider tax consequences in making property and money awards in marital litigation is substantive law and need not be pled or argued, citing *Simonds v. Simonds,* 225 S. C. 211, 81 S. E. (2d) 344 (1954). We note first that in *Simonds* the question of the tax consequences of the alimony award was argued before the trial judge. Secondly, we are not convinced, especially as to the awards of child support and alimony, that the trial court did not consider the tax treatment of those awards. The favored treatment to the husband in awarding the wife $400 a month alimony and $200 a month child support for the two minor children, we think,

militates against the conclusion that the trial court overlooked the tax consequences of these awards. Further, none of the husband's exceptions squarely presents this issue.

We therefore affirm the trial court's order, except to modify it to relieve the husband of the requirement to pay the taxes, insurance and maintenance costs on the marital home. We also modify the trial court's order to permit the husband to mortgage his interest in the marital home, such mortgage to be subject to the wife's right of exclusive possession until the youngest child reaches age eighteen.

Affirmed as modified.

GARDNER and GOOLSBY, JJ., concur.