## 1804

Russell Larry SHARPE, Appellant-Respondent v. Dorothy H. SHARPE, Respondent-Appellant.

(416 S.E. (2d) 215)

Court of Appeals

*J. Mark Taylor,* West Columbia, *for appellant-respondent.*

*J. Michael Taylor* and *Ken H. Lester*, Columbia, for *respondent-appellant.*

Heard Feb. 18, 1992.

Decided Apr. 13, 1992.

GARDNER, Judge:

Dorothy H. Sharpe (the wife) instituted this action for divorce in 1986. The action was not pursued. Russell Larry Sharpe (the husband) brought an action for divorce in 1989. The appealed order granted the husband a divorce on the grounds of a one year separation and required the husband, by way of alimony, to maintain medical insurance for the wife through his septic tank business and also to pay all other reasonable medical expenses not covered by insurance. The appealed order also awarded the wife a 35 percent equitable distribution interest in the marital estate and $5,000 in attorney fees. Both parties appeal. We affirm.

On appeal the husband contends the trial judge erred by: (1) not granting a divorce based on physical cruelty, (2) awarding the wife alimony, (3) awarding the wife a portion of the marital property, and (4) awarding the wife attorney fees.

The wife contends the trial judge erred by: (1) allowing the husband to purchase the wife's interest in the marital estate at no interest over a period of years exceeding the wife's life expectancy, (2) only awarding the wife a 35 percent share of the marital estate, (3) not awarding her periodic alimony, and (4) not granting her a divorce on the grounds of physical cruelty.

The parties enjoyed a happy marriage for many years but encountered multiplying problems over the last several years of the marriage. Because of the complexity of the facts and events that occurred during the marriage, the parties stipulated (1) that the husband owns his own business that specializes in installing septic tanks and clearing land, and this business is profitable, (2) that the husband also owns a small grocery store and several acres of improved property, and (3) that the husband has life insurance policies with a cash value of $4,846 and the husband maintains medical insurance on the wife through the septic tank business.

The parties also stipulate that (1) the wife has a Social Security income of $257.34 per month, (2) she has personal prop-

erty valued at $815, (3) the husband owns personal property valued at $3,010, (4) the wife has a van with a net value of $981.15, (5) the wife withdrew $25,000 from several banks where the parties had accounts, and (6) the wife has cancer and a life expectancy of less than five years.

The husband is guilty of post-separation adultery. The wife admitted that she conspired with others to kill the husband, but the attempt failed because the husband became aware of the conspiracy.

We reject the contentions of both parties that they were entitled to a divorce on the grounds of physical cruelty. No exception was taken to the trial judge's finding of fact that the husband was entitled to a divorce on the grounds of one year separation. We reject these contentions.

We find no error in the equitable distribution for either party. The equitable distribution of the marital estate is within the sound discretion of the trial judge, and the trial court's decision will not be disturbed absent abuse of discretion. *Coxe v. Coxe*, 294 S.C. 291, 363 S.E. (2d) 906 (Ct. App. 1987). We find no abuse on the part of the trial judge. We hold that the preponderance of the evidence supports the findings of fact made by the trial judge and the division of the marital estate he ordered.

We also reject the wife's contention that the trial judge erred in providing that the husband purchase her interest in the marital estate by a payment of $1,500 per month together with an annual payment of $5,000. The family court may employ any reasonable means by which to equitably divide marital property. *See Jones v. Jones*, 281 S.C. 96, 314 S.E. (2d) 33 (Ct. App. 1984).

We also reject the husband's contention that the trial judge erred in awarding the wife alimony by requiring maintenance of health insurance through the husband's business. We find no abuse of discretion, and affirm the award and the amount of alimony. In making this award, the trial judge obviously had in mind the wife's terminal cancer. We find no abuse. In all probability, the wife would not be able to find health insurance elsewhere. We affirm this award. In so doing we also reject the husband's contention that alimony to the wife should be barred because she confessed that she con-

spired to kill him. Under the circumstances of this case, we are quite confident that the trial judge took this factor into consideration when requiring the husband to protect the wife's remaining years of life with health insurance already in place. We find no error in this reasoning.

We also reject the husband's contention that attorney fees should not have been awarded the wife. We find no abuse here.

For the above reasons, we affirm the appealed order.

Affirmed.

BELL, J., concurs and CURETON, J., concurs in separate opinion.

CURETON, Judge (concurring):

I concur in the affirmance of the trial court's decision, but would expound further on one of the husband's contentions. The husband makes the novel argument that the wife should be barred of all interest in the marital estate because of her participation in the murder for hire scheme. In support of his argument, the husband cites *D'Arc v. D'Arc*, 164 N.J. Super. 226, 395 A. (2d) 1270 (Ch. Div. 1978), aff'd in part and rev'd in part, 175 N.J. Super. 598, 421 A. (2d) 602 (App. Div. 1980). In that case a husband who attempted to hire a contract killer to murder his wife was barred from receiving equitable distribution of any assets derived from the wife. *D'Arc*, 421 A. (2d) at 603.[1]

On the other hand, the wife contends this single act of misconduct occurring after separation did not cause dissolution of the marriage, nor diminish the estate, nor cause any actual injury. Further, she argues the husband comes into court with unclean hands because he committed adultery and mistreated her during the marriage. She further argues her single act of misconduct should not trigger a windfall to the husband and because it occurred after a *pendente lite* order was entered it

---

[1] Our reading of this case reflects that one of the primary reasons the court did not award the husband any assets was the fact he contributed little, if anything to the marriage, and indeed, reaped handsome financial benefits during the marriage from his wealthy wife. The primary asset the husband sought was the enforcement of an ambiguous agreement whereby the wife had agreed to pay the husband $10,000 per month tax free.

should not be considered at all under S.C. Code Ann. Section 20-7-472(2).

The few states that have dealt with this issue seem to hold that even in the face of statutes prohibiting the use of fault to affect equitable division, an attempt murder of a spouse is such an egregious act as to constitute outrageous misconduct which should be considered in equitable distribution. As we read the cases, none of the courts have held as the husband asks us to hold that a spouse who attempts to murder the other spouse should be barred of all property rights as a matter of public policy. *See Brancoveanu v. Brancoveanu*, 145 A.D. (2d) 395, 535 N.Y.S. (2d) 86 (1988) (court awarded the husband who participated in an attempted murder for hire of his wife forty percent of the proceeds from the sale of the marital residence, but refused to grant him any share of the wife's dental practice); *Stover v. Stover*, 287 Ark. 116, 696 S.W. (2d) 750 (1985) (wife's conspiracy to murder husband justified unequal division in his favor); *contra, D'Arc*, 421 A. (2d) 602 (husband's attempt to murder his wife should not be ignored especially where he had made no meaningful contribution to the marital estate).

The approach taken by the majority (if not all) of the courts is to evaluate each case on its merits. I, too, would not hold as a matter of public policy that in every case where one spouse participates in an attempt to murder the other spouse, the offending spouse should be barred from a property division. I would take the approach taken by a majority of the courts and evaluate the misconduct of the offending spouse in each case.

I would hold the trial judge did not abuse his discretion in awarding the wife a thirty-five percent interest in the marital estate. The marriage lasted for eighteen years; the misconduct of the wife occurred after the separation and did not result in an undue economic burden on the husband; the husband was guilty of misconduct during the marriage; the wife was disabled and unable to earn a living, and the parties' marriage was generally a stormy one.