711 S.E.2d 880

**James Richard MILES, Petitioner,**

v.

**Theodora MILES, Respondent.**

**No. 26980.**

Supreme Court of South Carolina.

Heard Dec. 1, 2010.

Decided May 31, 2011.

114

Matthew P. Turner and Michael Turner, Sr., both of Laurens, for Petitioner.

C. Rauch Wise, of Greenwood, for Respondent.

Justice HEARN.

In this appeal from the family court, we are asked to determine whether an agreement between the parties for the provision of health insurance is a modifiable form of support. We hold that unless the agreement provides otherwise, the obligation to maintain health insurance is an incident of support. Because there is no language in this agreement limiting the court's power to modify it, we find a modification is warranted based on a substantial change in circumstances. We remand this case to the family court for a determination of what form this modification is to take and whether the party receiving the modification is entitled to reimbursement for excess support paid during the pendency of this appeal.

## FACTUAL/PROCEDURAL BACKGROUND

In March 2000, Theodora Miles ("Wife") petitioned for a divorce from James Richard Miles ("Husband") on the ground of adultery and sought custody of the couples' two minor children, child support, equitable division of the marital assets, alimony, and attorney's fees. Prior to the final hearing, the parties reached an agreement as to many of the issues, which provided in pertinent part:

5. [Husband] shall continue to maintain health and dental insurance on [Wife] through his place of employment until such time as [Wife] remarries or until [Wife] attains employment which provides health insurance to employees as part of its fringe benefits package; both [Husband] and [Wife] waive alimony.

The remainder of the agreement divided the parties' property, determined custody and visitation of their children, established child support, and awarded attorney's fees. The family court approved the agreement, and by order dated August 16, 2000, granted Wife a divorce and incorporated the parties' agreement. The following language is contained in the order:

5. [Husband] is hereby ordered to cover [Wife] through his place of employment with health and dental insurance until such time a[s Wife] remarries or obtains employment which provides such coverage to [Wife] as a fringe benefit.

6. Alimony is denied to each party.

The agreement contained no language limiting or otherwise restricting modification of its terms.

Six years later, Husband filed this action seeking to modify various aspects of the final order. Specifically, he sought a reduction in his child support obligation, attorney's fees, and the termination of the requirement that he maintain health and dental insurance on Wife due to a substantial change in circumstances.[1] The parties did agree to a reduction in Husband's child support obligations, but the remaining issues were left for the court to decide.[2] At the time of the proposed modification, Wife did not have insurance coverage through her employer and had not re-married, both of which would terminate Husband's obligation by the terms of the agreement and the court's order. Therefore, the issue before the court was whether the agreement to provide health insurance was a modifiable support obligation or a non-modifiable agreement similar to a property division.

The family court found the fact that Wife waived alimony in the agreement "unambiguously shows the intent of the parties that the health insurance maintenance provision was not in the form of support." Further, the court held "the language of the parties' agreement is plain, unambiguous, and I therefore decline to construe that the maintenance [of] the health insurance pursuant to this agreement is actually support. The parties further clarified their intent when they inserted the sentence that both parties waive alimony." Accordingly, the court denied Husband the modification he sought. The court of appeals affirmed, agreeing the agreement unambiguously did not create a support obligation. *Miles v. Miles*, Op. No. 2009–UP–007 (S.C. Ct.App. filed Jan. 7, 2009). We granted certiorari.

## ISSUE PRESENTED

Did the court of appeals err in affirming the family court's conclusion that the parties' agreement unambiguously did not

---

**1.** To demonstrate a substantial change in circumstances, Husband established he underwent a triple bypass, tore his rotator cuff, and was diagnosed with colon cancer, all of which resulted in a total of seven surgeries; is no longer employed and is totally disabled; his income has been halved; and his own and his children's health insurance premiums have increased.

**2.** The issue of attorney's fees is not before the Court.

create a support obligation and therefore Husband's obligation to maintain health insurance is non-modifiable?

## STANDARD OF REVIEW

■ In an appeal from a decision of the family court, this Court may find facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). Thus, our review of a family court's order on whether to modify support awards is *de novo.*

## LAW/ANALYSIS

### I. Whether Agreement Is Modifiable

■ Husband argues the court of appeals erred in affirming the determination his obligation to provide insurance benefits to Wife was unambiguously not a form of support. We agree.

■ We encourage litigants in family court to reach extrajudicial agreements on marital issues. The interpretation of such agreements is a matter of contract law. *Hardee v. Hardee,* 348 S.C. 84, 91–92, 558 S.E.2d 264, 267 (Ct.App. 2001). Where an agreement is clear on its face and unambiguous, "the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement." *Smith–Cooper v. Cooper,* 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct.App.2001). However, if the agreement is ambiguous, it is the court's duty to determine the intent of the parties. *Id.* It may do so by examining extrinsic evidence. *McKinney v. McKinney,* 274 S.C. 95, 97, 261 S.E.2d 526, 527 (1980). An agreement is ambiguous if it is susceptible to more than one interpretation or its meaning is unclear. *Smith–Cooper,* 344 S.C. at 295, 543 S.E.2d at 274. The interpretation of an unambiguous contract is a question of law. *S.C. Dep't of Natural Res. v. Town of McClellanville,* 345 S.C. 617, 623, 550 S.E.2d 299, 303 (2001). Similarly, whether a contract is ambiguous is a question of law. *Id.* at 617, 550 S.E.2d at 302–303. If the court finds it necessary to examine extrinsic

evidence to discern the intent of the parties, the determination of intent is a question of fact. *Id.* at 617, 550 S.E.2d at 303.[3]

Initially, we note that because the agreement is silent as to the family court's power to modify it, it remained modifiable by the court. *See Moseley v. Mosier*, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983) ("[U]nless the agreement unambiguously denies the court jurisdiction, the terms will be modifiable by the court. . . ."). As to whether Husband's obligation is an incident of support, the maintenance of health insurance has the hallmark of spousal support: it provides the receiving spouse a benefit which is normally incident to the marital relationship. *See Craig v. Craig*, 365 S.C. 285, 292, 617 S.E.2d 359, 362 (2005). Additionally, our courts have previously awarded health insurance as a form of support. *Sharpe v. Sharpe*, 307 S.C. 540, 542, 416 S.E.2d 215, 216 (Ct.App.1992); *Wood v. Wood*, 292 S.C. 43, 48–49, 354 S.E.2d 796, 799–800 (Ct.App.1987).[4] Awards of spousal support do not become property divisions, and therefore non-modifiable, absent something more. *See Mattox v. Cassady*, 289 S.C. 57, 62, 344 S.E.2d 620, 623 (Ct.App.1986) ("To show that the alimony award was part of a property settlement agreement, it must be shown that the wife surrendered property rights in return for the husband's agreement to pay the stated sums.").

Here, the agreement simply states Husband will provide health and dental insurance for Wife. It does not indicate Wife surrendered property rights in exchange for it, nor does the agreement provide any indication that Husband's obligation is anything *other* than support. Additionally, this requirement terminates automatically upon Wife's remarriage or her obtaining employment that provides similar coverage, both instances in which she would be able to obtain this benefit through means other than Husband. The language creating

3. Although the family court here undertook to receive evidence on intent, it ultimately determined that the agreement was unambiguous.

4. Wife argues *Sharpe* and *Wood* are distinguishable because the family court in both of those cases specifically included the insurance award as alimony and there was no agreement between the parties. While Wife is correct factually, we do not agree these facts make those cases inapplicable. We believe they actually counter Wife's position: they demonstrate the family court found health insurance to be a form of support and nothing else.

Husband's obligation in the agreement even appears in the same paragraph as the language pertaining to alimony. In fact, it is in the same sentence. Looking squarely at the face of the agreement, we cannot find it is unclear or susceptible to more than one interpretation. Therefore, although we agree with the family court and the court of appeals that the agreement is unambiguous, we hold that it unambiguously creates a support obligation. *See In re Marriage of Johnson,* 781 N.W.2d 553, 557 (Iowa 2010) ("[W]e conclude as a matter of law that a provision in a dissolution decree requiring one spouse to provide medical support in the form of health insurance payments to the other spouse is modifiable spousal support....").

■ Wife argues that her decision to waive alimony unambiguously demonstrates the insurance obligation is not an incident of support. However, alimony is not the only form of support available in a divorce. *See* S.C.Code Ann. § 20-3-130 (Supp.2009) (discussing the different forms of alimony and "[s]uch other form of spousal support ... as appropriate under the circumstances"); *Whitfield v. Hanks,* 278 S.C. 165, 165, 293 S.E.2d 314, 315 (1982) (holding an award of possession of the marital home is an incident of support). Wife and the family court have placed too much emphasis on the language that the parties "waive[d] alimony." Such semantic distinctions have been abolished in family law. *Moseley,* 279 S.C. at 352-53, 306 S.E.2d at 627. As we said in *Moseley,*

> [t]he parties' intent is rarely revealed from the agreement's words of art. Generally, those terms are used without intending or implying any particular legal consequences. Later, courts impose the consequences upon the unsuspecting parties. Today, we overrule those cases which hold that words of art make a major distinction in the operation of divorce law.

*Id.* The mere fact the parties waived alimony—i.e., permanent and periodic, lump sum, rehabilitative, and reimbursement alimony—does not lead to the inescapable conclusion they accordingly waived all other forms of support. Such a result is contrary to the common sense approach to extrajudicial agreements advocated in *Moseley.*

Therefore, we hold the agreement unambiguously provides a modifiable incident of support in the form of health and dental insurance as a matter of law. Thus, the family court committed an error of law in denying Husband a modification.[5]

## II. Substantial Change In Circumstances

Next, it must be determined whether Husband has presented a substantial change in circumstances that would entitle him to a modification of his support obligation. A party is entitled to such a modification if he can show an unanticipated substantial change in circumstances. *Butler v. Butler,* 385 S.C. 328, 336, 684 S.E.2d 191, 195 (Ct.App.2009). "The party seeking modification bears the burden to show by a preponderance of the evidence that the unforeseen change has occurred." *Id.* (quotations omitted). This burden is always a high one, hence the requirement that the change in circumstances be "substantial." Prior case law has indicated that a party faces a heightened burden when seeking to prove a substantial change in circumstances from a court order approving an agreement. *See Floyd v. Morgan,* 383 S.C. 469, 475, 681 S.E.2d 570, 573 (2009) (holding there is an increased burden to modify a child support obligation based on substantial change in circumstances where an agreement is involved); *Upchurch v. Upchurch,* 367 S.C. 16, 26, 624 S.E.2d 643, 648 (2006) ("The party seeking modification has the burden to show changed circumstances. This burden is increased where the child support award is based on a settlement agreement."); *Townsend v. Townsend,* 356 S.C. 70, 73–74, 587 S.E.2d 118, 120 (Ct.App.2003) ("Where the amount of child support is based on a settlement agreement, the party requesting modification has an even heavier burden."). This principle has had the effect of chilling the litigants' desire to resolve their disputes by agreement, which is contrary to this Court's longstanding preference in favor of settlement. Accordingly, we take this opportunity to expressly disavow the line of cases that articulate an even higher burden on the party seeking modification when an agreement is involved. Today, we clarify that while the burden to prove entitlement to a modification

---

**5.** Because we answer the question before us as a matter of law, we need not reach the factual determinations of the parties' intent based on the extrinsic evidence received by the family court.

of spousal or child support is a substantial one, the same burden applies whether the family court order in question emanated from an order following a contested hearing or a hearing to approve an agreement.

In the instant case, the family court took evidence regarding changes in circumstances in the event the judge found Husband's obligation to be an incident of support. Because he concluded otherwise, he did not reach the issue of Husband's change in circumstances in his order. However, the parties had a full opportunity to develop the record and present evidence on this issue. Therefore, in keeping with our standard of review in equity matters, we will take our own view of the preponderance of the evidence presented to the family court. *See Rutherford,* 307 S.C. at 204, 414 S.E.2d at 160. It is undisputed that the following events have occurred in Husband's life since the entry of the final decree in 2000: he underwent a triple bypass, tore his rotator cuff, and was diagnosed with colon cancer, all of which required seven operations; as a result of his medical conditions, he is no longer employed and is totally disabled; the income he receives on disability of $1,830 gross per month is less than half of his former earnings as a police officer; and the insurance premiums he pays pursuant to his child support obligations have increased.[6] Wife does not allege any of these events could have been anticipated at the time of their agreement. Husband further testified the insurance premiums he pays for Wife are approximately $370 per month. As for Wife during this time period, her income has increased from $28,000 per year at the time of the divorce to $45,000 per year.[7]

---

6. As a result of his rotator cuff injury, he received a workers' compensation payment of $102,000. It appears from Husband's testimony much of this payment was used to pay his associated medical bills, while a portion of it was used to make a donation to his church and purchase his new wife a car. Husband also argues his own health insurance premiums have increased due to his ailments. However, he testified his former employer pays, and will continue to pay, his personal premiums.

7. We note that Wife also receives $632 per month from Husband's retirement benefits. However, because this was part of the equitable division in the final decree, it is not a change in circumstances for us to consider.

Based on the evidence before us, we find that Husband has demonstrated a substantial change in circumstances that merits a modification in his support obligation to provide health and dental insurance coverage for Wife. While Husband's earning capacity and health have significantly deteriorated since the time of his divorce from Wife, Wife finds herself in improved economic conditions. *See Miles v. Miles*, 355 S.C. 511, 519, 586 S.E.2d 136, 140 (Ct.App.2003) ("Many of the same considerations relevant to the initial setting of an alimony award may be applied in the modification context as well, including ... each party's earning capacity[ ] and the supporting spouse's ability to continue to support the other spouse."). However, the record is not complete enough for us to determine the precise extent and mechanics of the modification and whether Husband is entitled to reimbursement for the excess support he paid between the time the family court denied Husband's modification and the entry of final judgment following this appeal. Accordingly, a remand is in order.

## CONCLUSION

We reverse the decision of the court of appeals and remand this matter to the family court for proceedings not inconsistent with this opinion.

TOAL, C.J., BEATTY and KITTREDGE, JJ., concur.

PLEICONES, J., concurring in part and dissenting in part in a separate opinion.

Justice PLEICONES.

I concur in part and dissent in part. We granted certiorari to review the Court of Appeals' decision which upheld the family court's finding that the insurance requirement here was not a modifiable form of support. I agree with the majority that this finding is an error of law, one which we should reverse. I dissent, however, from that portion of the majority opinion which undertakes to review the record and to make the factual determination that petitioner demonstrated a substantial change of circumstances. In my opinion, this factual determination is beyond our authority on certiorari. *See*

*Lewis v. Lewis,* 392 S.C. 381, 709 S.E.2d 650 (2011) (Pleicones, J., dissenting).

I concur in the decision to remand the matter to the family court, but would leave the issues of changed circumstances and further relief to that tribunal.