THIS 
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA 
In The Court of Appeals 
 
 
 
 
Elizabeth M. Zetz, Appellant, 
 
 
 
 
v. 
 
 
 
 
Michael R. Zetz, Respondent. 
Appellate Case No. 
 2011-183049 
 
 
 
 
 
Appeal From Richland County 
Robert S. Armstrong, Family Court Judge 
 
Unpublished Opinion No. 2012-UP-316 
Heard May 9, 2012 – Filed May 23, 2012 
 
AFFIRMED 
 
 
 
 
 
Pope D. 
 Johnson, III, of Johnson & Barnette, LLP, of Columbia, for Appellant. 
Howard 
 S. Sheftman, of Finkel Law Firm, LLC, of Columbia, for Respondent. 
 
 
 
 
 
PER CURIAM: Elizabeth M. Zetz appeals the family court's order 
 modifying the child support previously awarded in a final settlement.  On 
 appeal, she argues the family court erred in (1) modifying the child support, (2) 
 improperly applying the child support guidelines, and (3) finding sufficient 
 evidence to warrant a reduction of child support.  We affirm pursuant to Rule 220(b)(1), SCACR, and the 
 following authorities: 
1. As to whether the family court applied the proper 
 standard in determining whether to modify Michael R. Zetz's child support 
 obligation: Floyd v. Morgan, 383 S.C. 469, 475, 681 S.E.2d 570, 573 
 (2009) ("A child support award rests in the discretion of the [family 
 court] judge, and will not be altered on appeal absent abuse of 
 discretion."); Degenhart v. Burriss, 360 S.C. 497, 500, 602 S.E.2d 
 96, 97 (Ct. App. 2004) ("An abuse of discretion occurs when the decision 
 is controlled by some error of law or is based on findings of fact that are 
 without evidentiary support."); Miles 
 v. Miles, 393 S.C. 111, 120-21, 711 
 S.E.2d 880, 885 (2011) ("[W]hile the burden to prove entitlement to a 
 modification of spousal or child support 
 is a substantial one, the same burden applies whether the family court order in 
 question emanated from an order following a contested hearing or a hearing to 
 approve an agreement."); Lewis v. 
 Lewis,  392 S.C. 381, 389 n.5, 709 
 S.E.2d 650, 654 n.5 (2011) ("'[T]he appellant is not relieved of his 
 burden of convincing the appellate court the trial judge committed error in his 
 findings."' (quoting Pinckney v. Warren, 344 S.C. 382, 387–88, 544 S.E.2d 
 620, 623 (2001))). 
 
2. As to whether the family court erred in evaluating 
 and applying the child support guidelines: Bennett v. Rector, 389 S.C. 
 274, 281, 697 S.E.2d 715, 719 (Ct. App. 2010) ("Generally, the family 
 court is required to follow the [g]uidelines in determining the amount of child 
 support."); Woodall v. Woodall, 322 S.C. 7, 13, 471 S.E.2d 154, 158 
 (1996) (holding that while the guidelines govern all actions involving child 
 support, the family court retains discretion when making the final award); S.C. 
 Code Ann. Regs. 114-4710(B) (Supp. 2011) ("Deviation from the guidelines 
 should be the exception rather than the rule.  When the court deviates, it must 
 make written findings that clearly state the nature and extent of the variation 
 from the guidelines."). 
 
 
3. As to whether the family court erred in reducing 
 the child support: Barrow v. Barrow, 394 S.C. 603, 609, 716 S.E.2d 302, 
 305 (Ct. App. 2011) ("The party contesting the family court's decision 
 bears the burden of demonstrating the family court's factual findings are not 
 supported by the preponderance of the evidence."). 
 
 AFFIRMED. 
 Pieper, Konduros, and GEATHERS, 
 JJ., concur.