**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William R. Gainey, Respondent,

v.

Christine H. Gainey, Appellant.

Appellate Case No. 2013-001654

Appeal From Darlington County
Michael S. Holt, Family Court Judge

Unpublished Opinion No. 2015-UP-001
Submitted October 1, 2014 – Filed January 7, 2015

**AFFIRMED**

Rebecca Brown West, of Harling & West, LLC, of Lexington, and Tina Marie Cundari, of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Appellant.

William R. Gainey, of Hartsville, pro se.

**PER CURIAM:** Christine Gainey appeals the family court's denial of her motion to approve the bona fide offer to purchase the former marital home and her motion to compel seeking to place the marital home on the market. We affirm.

1.  As to whether the family court erred in denying Appellant's motion to approve the bona fide offer to purchase, we find the plain language of the separation agreement does not allow a party to seek approval of a bona fide offer without the parties first agreeing to the home being listed and marketed in a commercially reasonable manner.  *See Miles v. Miles*, 393 S.C. 111, 117, 711 S.E.2d 880, 883 (2011) ("The interpretation of [marital litigation] agreements is a matter of contract law."); *id.* ("Where an agreement is clear on its face and unambiguous, the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement." (internal quotation marks omitted)); *Gaffney v. Gaffney*, 401 S.C. 216, 222, 736 S.E.2d 683, 687 (Ct. App. 2012) (stating that in determining whether an agreement is ambiguous, a court "must examine the entire contract and not merely whether certain phrases taken in isolation could be interpreted in more than one way").

2.  As to whether the family court erred in denying Appellant's motion to compel the sale of the former marital home, we find the preponderance of the evidence supports the family court's determination Respondent could not be compelled to agree to sell the marital home without both parties' consent, as is plainly stated in the agreement, or until the minor children are emancipated, as was determined by the family court's review of the agreement and the testimony.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo.");  *Gaffney*, 401 S.C. at 221, 736 S.E.2d at 686 ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings."); *Lewis v. Lewis,* 392 S.C. 381, 389, 709 S.E.2d 650, 654 (2011) (stating "*de novo* review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court"); *Nicholson v. Nicholson*, 378 S.C. 523, 533, 663 S.E.2d 74, 79 (Ct. App. 2008) (defining an ambiguous contract as "one capable of being understood in more ways than one, an agreement obscure in meaning through indefiniteness of expression, or having a double meaning." (quoting *Davis v. Davis*, 372 S.C. 64, 76, 641 S.E.2d 446, 452 (Ct. App. 2006)); *Mattox v. Cassady*, 289 S.C. 57, 60, 344 S.E.2d 620, 622 (Ct. App. 1986) ("Like any other agreement, when the language of a settlement agreement is susceptible of more than one interpretation, it is the duty of the court to ascertain the intentions of the parties."); *id.* at 62, 344 S.E.2d at 623 (finding that when an "award of 'gross alimony' ha[d] characteristics of periodic alimony, a property settlement and a gross alimony award . . . it was incumbent upon the family court to ascertain the true intentions of the parties to the agreement"); *Gaffney*, 401 S.C. at 222, 736 S.E.2d at 687 ("A court will look to extrinsic evidence only if an ambiguity exists

in the agreement's terms."); *Lacke v. Lacke*, 362 S.C. 302, 309, 608 S.E.2d 147, 150 (Ct. App. 2005) ("Construction of an ambiguous contract is a question of fact.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.