**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Burton Harrod, Respondent,

v.

Janice Reed Harrod, Appellant.

Appellate Case No. 2021-000936

Appeal From Charleston County
Alice Anne Richter, Family Court Judge

Unpublished Opinion No. 2022-UP-377
Submitted September 21, 2022 – Filed October 12, 2022

**REVERSED AND REMANDED**

Peter D. DeLuca, Jr., of DeLuca & Maucher, LLP, of Goose Creek; and Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, both for Appellant.

Christopher David Kennedy and N. Douglas Brannon, both of Kennedy & Brannon, P.A., of Spartanburg, for Respondent.

**PER CURIAM:** Janice Reed Harrod (Wife) appeals the family court order modifying her alimony award. On appeal, Wife argues (1) Eric Burton Harrod (Husband) failed to prove any of the changes in circumstances alleged in his

complaint were material and substantial; (2) the family court erred by not awarding Wife attorney's fees and costs incurred in defending the action; and (3) even if the family court did not err by reducing the alimony award, it erred by making the reduction retroactive to the date of filing because Husband never requested the reduction be retroactive, Husband delayed serving the complaint on Wife for a year, and Husband's actions delayed the trial. We reverse and remand pursuant to Rule 220(b), SCACR.

We hold the family court erred by finding Husband established a substantial and material change in circumstances that would warrant the modification of the 2014 award of alimony. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings.") *id.* at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable."). In 2013, the parties consented to arbitrate the issue of alimony, and in 2014, the arbitrator awarded Wife alimony in the amount of $1,600 a month. In his 2018 complaint, Husband alleged three bases in support of his contention that a substantial and material change of circumstance had occurred: Wife had moved to Mexico, Wife had additional income, and Husband had retired from his job and had a lower income. *See Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 839 (Ct. App. 2021) ("[A]limony is subject to termination or modification upon a showing of changed circumstances."); *id.* ("To justify termination or modification of a spouse's alimony, the change in circumstances must be substantial or material. Additionally, the change must be unanticipated." (citation omitted)); *id.* at 539, 863 S.E.2d at 839 ("[T]he burden to prove entitlement to a modification [alimony] is a substantial one[;] the same burden applies whether the family court order in question emanated from an order following a contested hearing or a hearing to approve an agreement." (first alteration in original) (quoting *Miles v. Miles*, 393 S.C. 111, 120-21, 711 S.E.2d 880, 885 (2011))).

First, although Husband alleges Wife's move to Mexico constituted a substantial and material change, the record reflects that the parties spent time in Mexico during the marriage and Wife was awarded the Mexico home during the divorce. Additionally, the 2014 arbitrator noted in its order that Wife spent "a substantial amount of time" in Mexico. Although Wife's testimony at the modification hearing indicated she spent five to six months a year in Mexico following the divorce, we find Wife's relocation does not constitute an unanticipated substantial and material change in circumstance. Second, although Husband contends Wife's

additional income is a substantial and material change in circumstance, we disagree. We find that her additional income stems only from rental proceeds from a Charleston property. Sometime following the divorce, Wife purchased a home in Charleston and rented that home in the three years prior to the modification hearing to the same tenant. Wife testified the most recent monthly rental rate was $1,350[1] and her mortgage on the property was $955. We find the difference in income between the rental rate and mortgage—which does not factor in maintenance on the home—does not constitute a material and substantial change in circumstances.[2] Finally, although Husband asserted he had a lower income that would constitute a material and substantial change in circumstances, the income imputed to Husband in 2014 was $5,486 a month, and in his most recent financial declaration Husband reported his current income as $6,130.79. Additionally, Husband is fully employed by Charleston County. Thus, we find this basis does not support Husband's contention that there has been a substantial and material change in circumstances that would warrant a modification of the alimony award. Accordingly, we reverse the family court's modification of the alimony award.

In light of this court's disposition of the first issue, we need not address whether the family court erred by making the modified award retroactive to the date Husband filed his complaint. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal). However, we remand for the family court to reconsider Wife's request for attorney's fees.

**REVERSED AND REMANDED.**[3]

---

[1] Although a real estate agent testified regarding her belief that the property should rent for approximately $1,500 a month, the real estate agent acknowledged she had not seen the property, the rental rate range for the property would be between $675 and $2,395, and that although it wouldn't change the market value of the property, a stable tenant would be valuable to the owner of the property. Wife testified she rented to her tenant at a lower rate because the tenant planned to perform some work on the property.

[2] To the extent Husband contends the rental income from the Mexico property contributed to Wife's increased income, we find the 2014 arbitrator specifically considered Wife's rental income on the Mexico property in making the initial award of alimony.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS, MCDONALD, and HILL, JJ., concur.**