**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 12, 2024

Elizabeth S. Fenton, Esquire
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801

Sean A. Meluney, Esquire
Meluney Alleman & Spence LLC
1143 Savannah Road, Suite 3-A
Lewes, DE 19958

RE: ***Brex Inc. v. Dizhe Su,***
Civil Action No. 2022-0758-MTZ

Dear Counsel:

I write to address each party's motion for judgment on the pleadings. This letter is brief and written for the parties due to the limited time the parties have left the Court to consider the motions before the trial looming in July.[1] It adopts the defined terms from the parties' briefing. Its brevity should not be mistaken for a lack of thoughtfulness.

---

[1] A motion for judgment on the pleadings may only be brought "within such time as not to delay the trial." Ct. Ch. R. 12(c). These motions were taken under advisement under the wire. The parties set themselves on a path toward a July trial in August 2023. Docket item ("D.I.") 51. They then proceeded to pursue both their pleading-stage motions and extremely contentious discovery that has required extensive involvement by the Court and a discovery facilitator. I heard the pleading-stage motions on February 2. D.I. 112; D.I. 124. In March, Brex moved to amend its complaint, and after briefing interspersed with several other motions, Brex's motion to amend was granted on May 16; this would have altered the playing field on Su's pleading-stage motion. D.I. 151; D.I. 164; D.I. 174 (noting pleading stage motions would be held in abeyance until the motion to amend was resolved); D.I. 176; D.I. 202. After all that, Brex missed the deadline to file its amended complaint, leaving the Court to revert to the pleading-stage motions on Brex's original complaint as of May 31. D.I. 220.

The Court will grant a motion for judgment on the pleadings under Court of Chancery Rule 12(c) only when there are no material issues of fact, and the movant is entitled to judgment as a matter of law.[2] A motion for judgment on the pleadings requires the Court to consider not only the complaint or counterclaims, but also the answer, affirmative defenses, and any documents integral thereto.[3] "In determining a motion under Court of Chancery Rule 12(c) for judgment on the pleadings, a trial court is required to view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party."[4]

Defendant and counterclaim plaintiff Dizhe Su moved for partial judgment on the pleadings on Count I of plaintiff and counterclaim defendant Brex, Inc.'s complaint. Su's motion presents the question of whether Brex pled it properly terminated Su for "Cause," which is defined in relevant part as termination where a majority of Brex's board of directors "determines reasonably and in good faith that cause exists, due to . . . committing theft, fraud, a breach of trust, or any material

---

[2] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993); Ct. Ch. R. 12(c).

[3] *Jiménez v. Palacios*, 250 A.3d 814, 827 (Del. Ch. 2019) (footnote omitted), *aff'd*, 237 A.3d 68 (Del. 2020).

[4] *Desert Equities*, 624 A.2d at 1205 (footnote omitted).

act of dishonesty involving Parent, the Company, or the Surviving Company."[5] I agree with Su, for the reasons stated in his briefs, that "committing" is used as a present-tense verb that excludes past conduct by Su, such that Brex must plead conduct he committed during his employment with Brex.[6] I also agree with Su that Brex's complaint does not allege any qualifying conduct by Su: Brex pled only misrepresentations or omissions before the merger closed.[7] Su's motion is granted as to Brex's Count I.

Su contends those conclusions also support judgment in his favor on Count III of his counterclaims. Brex did not address Count III in its opposition. Su's motion is granted as to Su's counterclaim Count III.

---

[5] D.I. 1 ¶¶ 32, 36; *id.* at Ex. A § 2.8(e)(ii)(A); *id.* at Ex. B § 4.1(c)(i).

[6] D.I. 55 at 14–23; D.I. 72 at 4–11. I disagree with Brex's argument that the word "committing" is used as a tenseless gerund that would include past events. *See* D.I. 63 at 12–16.

[7] D.I. 1 ¶¶ 9, 11, 39, 40, 42. Brex highlights paragraphs 13, 15, 46, and 47; none of these allege misconduct by Su. D.I. 124 at 48–49. While Brex's opposition brief argued that Su's silence after the merger constituted Cause, its complaint did not include these allegations. D.I. 63 at 21–23. Brex cannot amend its pleadings through its brief. *Parseghian ex rel. Gregory J. Parseghian Revocable Tr. v. Frequency Therapeutics, Inc.*, 2022 WL 2208899, at *9 (Del. Ch. June 21, 2022) ("A Court must examine what has been alleged in the pleadings, not what a plaintiff believes has been alleged." (quoting *Gabelli & Co., Inc. v. Liggett Grp., Inc.*, 1983 WL 18015, at *3 (Del. Ch. Mar. 2, 1983), *aff'd*, 479 A.2d 276 (Del. 1984))); *id.* at *8 n.75 ("Plaintiffs cannot amend their Complaint through their brief." (citing *Cal. Pub. Emps. Ret. Sys. v. Coulter*, 2002 WL 31888343, at *12 (Del. Ch. Dec. 18, 2002)))). Indeed, this is why Brex tried to amend its complaint. D.I. 151 at Ex. B ¶ 13.

For its part, Brex seeks judgment on its Count II for breach of the governing agreements' forum selection clauses based on Su's filing an action in a different forum. Su argues that Brex breached those agreements first, so Brex cannot be heard to complain about Su's subsequent breach of their forum selection clauses. The Delaware authority Su cites is arguably dicta, and conflicts with law Brex cites from other jurisdictions concluding that a prior breach does not repudiate a forum selection clause unless the prior breach is directed at the forum selection clause itself.[8] I believe this issue is important in our jurisprudence and that it would aid from additional consideration by counsel; and the issue will take up minimal or no trial time, particularly as it seems the relevant facts could be entered by stipulation in the pretrial order. I therefore defer the determination of Brex's motion until trial.[9]

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

---

[8] *Compare O'Leary v. Telecom Resources Serv., LLC*, 2011 WL 2992099, at *5 (Del. Super. July 25, 2011), *with Monster Daddy, LLC v. Monster Cable Prods.*, 483 F. App'x 831, 835–36 (4th Cir. 2012) (citing Restatement (Second) of Contracts § 237 cmt. e (Am. L. Inst. 1981)), *and Margolis v. Daily Direct LLC*, 297 A.3d 144, 148 (Vt. 2023).

[9] Ct. Ch. R. 12(d).

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*