734 S.E.2d 646

**Linda T. TERRY, Respondent,**

v.

**William E. TERRY, Jr., Appellant.**

**No. 27196.**

Supreme Court of South Carolina.

Heard May 22, 2012.

Decided Nov. 21, 2012.

454

Christopher T. Brumback and Edward C. Nix, both of Greenville, for Appellant.

Alex Kornfeld, Brian R. Miller, and William S.F. Freeman, all of Greenville, for Respondent.

Justice KITTREDGE.

William E. Terry, Jr., appeals from a family court order holding him in contempt for failing to vacate the parties' marital residence as required under the temporary order. The appeal is manifestly without merit, and we affirm pursuant to Rule 220, SCACR. Because Appellant erroneously believed that the filing and service of a notice of appeal from the family court's temporary order divested the family court of jurisdiction from considering the contempt matter, we elect to address and clarify the effect of an attempted appeal from a family court temporary order.

## I.

Respondent Linda E. Terry (Wife) filed an action for separate support and maintenance against Appellant William E. Terry, Jr. (Husband). Wife sought temporary relief, including exclusive possession of the marital residence. At the temporary hearing, the family court awarded Wife exclusive possession of the marital residence and ordered Husband to vacate the residence. Husband failed to do so, which prompted Wife to file a rule to show cause to hold Husband in contempt. Prior to the contempt hearing, Husband filed a notice of appeal from the temporary order. At the contempt hearing, Husband argued the filing of the notice of appeal stayed the temporary order and thus divested the family court of jurisdiction to proceed with the contempt hearing. The able family court judge summarily and correctly rejected Husband's argument. Husband was properly held in contempt and sanctioned.

Although Husband ultimately vacated the marital residence, he appealed from the contempt order asserting that his filing of the notice of appeal from the temporary order stayed the temporary order and divested the family court of jurisdiction to enforce its order. Regarding the matter of appealability, Husband advanced two arguments in the family court and on appeal: (1) the filing of the notice of appeal from the temporary order "automatically stayed" the effect and enforcement of the temporary order, and; (2) the temporary order was immediately appealable because it affected a "substantial

right" within S.C.Code Ann. § 14–3–330(2) (Supp.2011).[1] Husband nevertheless withdrew his appeal from the temporary order and proceeded on his appeal from the contempt order.

## II.

For the benefit of the bench and bar, we take this opportunity to clarify the effect of filing a notice of appeal from a temporary, *pendente lite* family court order. A notice of appeal from a temporary order does not, standing alone, operate to stay the effect or enforcement of the order.[2] A temporary order of the family court is without prejudice to the rights of the parties. Such orders are, by definition, tempo-

1. The dissent would reverse on grounds never raised. By "analogiz[ing] the grant or denial of temporary relief in a domestic action to ... [an] injunction issued by the court of common pleas in a law case[,]" the dissent would hold that a family court temporary order is immediately appealable under S.C.Code Ann. § 14–3–330(4) (1977 and Supp.2011). We find no support in either the text of S.C.Code Ann. section 14–3–330, including subsection (4), or our jurisprudence for the proposition that a family court temporary order is immediately appealable as a matter of right. Even the dissent "readily admit[s] that [family court temporary orders] do not fit neatly within any category of appealable intermediate orders under S.C.Code Ann. § 14–3–330 (1977 and Supp.2011)." The dissent further attempts to create an ambiguity in the temporary order by claiming the temporary order is unclear whether Wife "was awarded possession of the home as a component of support or as or as temporary equitable division." As noted, neither argument has ever been made in this case. Thus, the dissent would reverse the family court on grounds raised for the first time in the dissenting opinion. *See State v. Langford*, Op. 27195 (SC Supreme Court filed November 21, 2012) (Pleicones, J., dissenting) ("It is also axiomatic that we sit to review the lower court's order based upon the issues properly presented by the parties for our consideration.").

2. We, of course, recognize that the law does not leave parties without an immediate remedy from a temporary order in those circumstances where warranted. *See, e.g.*, Rule 241(c), SCACR (holding any party may move for an order imposing a supersedeas of matters decided in the order, judgment, decree or decision on appeal after service of the notice of appeal). Moreover, this Court has authority to entertain a common law petition for a writ of certiorari. There was no effort in this case to seek either a supersedeas or a writ of certiorari, nor would such requests have been justified here. The award of temporary possession of the marital residence, while clearly important to the parties, neither constitutes a "substantial right" within the meaning of section 14–3–330(2) nor generally raises an issue warranting immediate appellate court intervention.

rary—they neither decide any issue with finality nor affect a substantial right within the meaning of S.C.Code Ann. Section 14–3–330(2) (Supp.2011).[3] The family court at the final hearing has the authority to redress any error from the temporary order. *See Watson v. Watson,* 291 S.C. 13, 24, 351 S.E.2d 883, 890 (Ct.App.1986) (affirming family court's authority at trial to adjust adulterous wife's equitable division share to recoup temporary support to which she was not entitled).

In *Neville v. Neville,* we acknowledged the infrequent practice of parties filing a notice of appeal from a temporary family court order, and we held that "the interests of justice will be served best if appeals from *pendente lite* orders are held in abeyance until the final order is entered in the family court." 278 S.C. 411, 411, 297 S.E.2d 423, 423 (1982). The filing of a notice of appeal from a temporary order pursuant to *Neville* has never been construed to stay the effect and enforcement of the temporary order. In the thirty years following *Neville,* the practice of filing a notice of appeal from a temporary order remains rarely utilized.

Perceived errors in family court temporary orders are to be redressed as they always have, at the final hearing. For issue preservation purposes, any such challenge must be placed on the record at the commencement of the final hearing. The family court has wide discretion in fashioning equitable relief, including the authority to make adjustments in the equitable distribution and otherwise to remedy an error in the temporary order. If a party desires to challenge the family court's final resolution of the matter, the aggrieved party may appeal from final judgment.

**AFFIRMED.**

TOAL, C.J. and BEATTY, J., concur.

HEARN, J., concurring in a separate opinion in which KITTREDGE, J., concurs.

PLEICONES, J., dissenting in a separate opinion.

3. Section 14–3–330(2) provides that this Court shall have appellate jurisdiction over an order affecting a substantial right made in an action when such order effectively determines the action and prevents a judgment from which an appeal might be taken.

Justice HEARN.

I concur in the majority's excellent opinion and write separately only to address my concern with the dissent's use of the term "temporary equitable division." The majority quite correctly notes that the nature of the relief ordered was not argued by Husband in his effort to avoid compliance with the temporary order, and that it would contravene settled appellate principles for us to consider an issue not raised to us. In addition to that, I would note that by its very nature and pursuant to the statute which authorizes it, equitable division is a permanent remedy employed by the family court in the final order. *See* S.C.Code Ann. § 20–3–620(C) (Supp.2011) ("The court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal."). Neither Section 20–3–620 of the South Carolina Code nor case law provides that equitable division can be effected temporarily. *Id.* In my view, the family court judge here simply granted temporary possession of the marital home to Wife. It was not, nor could it have been, a "temporary equitable division" of the marital home because no such remedy exists.

Justice PLEICONES.

I write separately as I understand the rules governing automatic stays following the appeal of a *pendente lite* family court order somewhat differently than does the majority. As explained below, I would reverse the contempt order.

In *Neville v. Neville,* 278 S.C. 411, 297 S.E.2d 423 (1982), this Court stated that appeals from temporary family court orders are to be held in abeyance pending the final order. Implicit in *Neville* is the holding that such orders are immediately appealable. I readily admit that such orders do not fit neatly within any category of appealable intermediate orders under S.C.Code Ann. § 14–3–330 (1977 and Supp.2011). However, I note that § 14–3–330(4) permits the immediate appeal of a temporary injunction issued by the court of common pleas in a law case and I would analogize the grant or denial of temporary relief in a domestic action to such an injunction, and hold it is immediately appealable under S.C.Code Ann. § 14–3–320 (Supp.2011) (appeals in equity matters). *See also*

S.C.Code Ann. § 63–3–630(A) (2010) (right to appeal family court orders "governed by the same rules, practices, and procedures that govern appeals from the circuit court"). In any case, the policy reasons for permitting such immediate appeals are clear: if no direct appeal lies, then these orders are reviewable only upon a common law petition for a writ of certiorari. Since the Court of Appeals does not have original jurisdiction to entertain common law writs,[4] it would fall to this Court to decide all such matters. Moreover, it cannot be denied that, for example, final custody determinations can be influenced by the status quo during the litigation, especially if that process is lengthy. Thus, allowing an immediate appeal and supersedeas in appropriate custody cases can result in fairness to both parties at the final hearing.

Accepting that *pendente lite* family court orders are immediately appealable, the question then becomes whether that appeal acts as an automatic stay of the relief granted in that order. As a general rule, an appeal acts as a stay. Rule 241(a), SCACR. Exceptions to the automatic stay rule are found in Rule 241(b), in statutes, court rules, and case law. For example, no family court order regarding a child, child support, or alimony is stayed, Rule 241(b)(6), nor are family court orders awarding temporary attorneys' fees or costs. Rule 241(b)(9).

In order to determine whether appellant's appeal of the temporary order awarding respondent exclusive possession of the marital home and requiring appellant to vacate acted as a stay, it is necessary to determine the nature of that order. If it was in the nature of support, then appellant's appeal did not act to automatically stay the requirement that he leave the home. *Bochette v. Bochette,* 300 S.C. 109, 386 S.E.2d 475 (Ct.App.1989). If, however, that order was in the nature of equitable division, then the appeal acted as an automatic stay. *Id.; see also Chris v. Chris,* 287 S.C. 161, 337 S.E.2d 209 (1985) (appeal from a final order automatically stayed requirement that appellant vacate the marital home and execute a deed conveying the property to the respondent).

---

4. S.C. Const. art. V, § 9; S.C.Code Ann. §§ 14–8–200(a); 14–8–220 (Supp.2011).

As I read the family court's order of November 24, 2010, it is unclear whether respondent was awarded possession of the home as a component of support or as temporary equitable division.[5] Thus, it is unclear whether appellant's appeal of that order acted as a stay of the requirement that respondent receive exclusive possession of the marital home *pendente lite*. It is well settled that an individual may not be held in contempt for failing to comply with an ambiguous order. *E.g. County of Greenville v. Mann,* 347 S.C. 427, 556 S.E.2d 383 (2001).

Under these circumstances, I would reverse the contempt citation.

---

5. Although the term "temporary equitable division" is not commonly used, it describes a situation where, for example, each spouse is awarded use of the vehicle they ordinarily drive *pendente lite,* but those vehicles are subsequently considered part of the marital property when the court decides the final equitable division of property.

While I realize that it is unusual to award possession of the marital home as "temporary equitable division," I believe it is at least arguable that is what the family court intended here. In his January 24, 2011 order, the judge stated "[Respondent] has not been awarded the marital home. This case is still pending and the question of the final possession of the marital home and the division of all equity in the marital home has not yet been determined by this Court."