741 S.E.2d 757

**SOUTH CAROLINA RETIREMENT SYSTEM INVESTMENT COMMISSION, Petitioner,**

v.

**Curtis M. LOFTIS, Jr., as Custodian of the South Carolina Retirement Systems Group Trust, Respondent.**

Appellate Case No. 2013–000754.

No. 27242.

Supreme Court of South Carolina.

Heard April 16, 2013.

Decided April 17, 2013.

Henry Pickett Wall and Edward Wade Mullins, III, of Bruner Powell Wall & Mullins, LLC, of Columbia, for Petitioner.

William J. Condon, Jr., of Columbia; and Curtis W. Dowling, of Barnes Alford Stork & Johnson, LLP, of Columbia, for Respondent.

William A. Coates and Joseph Owen Smith, of Roe Cassidy Coates & Price, PA, of Greenville, for Amicus Curiae The State Retirees Association of South Carolina.

PER CURIAM.

This Court accepted the petition of the South Carolina Retirement Investment Commission (the Commission) in its Original Jurisdiction to determine whether the Commission was entitled to a writ of mandamus requiring respondent, Curtis M. Loftis, Jr., in his capacity as custodian of the South Carolina Retirement Systems Group Trust, to authorize the funding of the Warburg Pincus Private Equity XI, L.P. investment (Warburg Pincus Fund XI). The Court also agreed to expedite the matter based on the Commission's assertion that the failure to fund the investment by April 16, 2013, would cause the Commission to default on its contractual obligations and result in severe financial penalties.

Loftis filed a return to the petition on April 15, 2013, stating he authorized the transfer of funds the morning of April 15 because information he had previously requested from the Commission, and which he maintained was a necessary prerequisite to authorizing the transfer of funds, had been submitted to the Court along with the Commission's attachments to its petition for a writ of mandamus. Loftis contended the action had been rendered moot because he performed the sole action the Commission requested this Court mandate he perform: authorizing the transfer of funds to Warburg Pincus Fund XI.

At oral argument, the parties conceded that funding for the Warburg Pincus Fund XI investment has occurred. Nevertheless, the Commission maintains Loftis' decision to fund the investment does not moot this matter in its entirety based on Loftis' alleged misapprehension of his legal authority in his position as custodian of the South Carolina Retirement Systems Group Trust. The Commission argues the Court should consider injunctive relief to direct the custodian to follow Commission directives to fund future investments. We disagree.

A case is moot where a judgment rendered by the Court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the Court. *Ex parte Doe*, 393 S.C. 147, 151, 711 S.E.2d 892, 894 (2011)(quoting *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006)); *Sloan v. Greenville Cnty.*, 361 S.C. 568, 572, 606 S.E.2d 464, 467 (2004). Where there is no actual controversy, this Court will not decide moot or academic questions. *Sloan v. Friends of the Hunley, id.* at 26, 630 S.E.2d at 477.

Generally, in mandamus cases, the performing of the act by the individual moots the case. *See Miller v. State*, 377 S.C. 99, 659 S.E.2d 492 (2008) (declining to issue a writ of mandamus to compel the clerk of court to accept a habeas petition because, among other things, petitioner's 2004 habeas petition became moot upon petitioner's release from prison). There are exceptions to this rule. *E.g. Nelson v. Ozmint*, 390 S.C. 432, 434–35, 702 S.E.2d 369, 370 (2010) (declining to dismiss the petition for a writ of mandamus as moot because

the issue was capable of repetition but generally will evade review).

■ However, we believe the unique facts of this case render this matter moot. Here, the Commission sought a writ of mandamus compelling Loftis, as the statutory custodian of the Retirement Systems Group Trust, to authorize a transfer of funds to Warburg Pincus Fund XI. Indeed, the entire content of the Commission's petition and its attachments concern the funding of this particular investment. In our view, once Loftis agreed to perform the precise act sought in the petition for a writ of mandamus by authorizing the funding of the investment in Warburg Pincus Fund XI, there was simply nothing left for the Court to order, and it is now impossible for this Court to issue a writ of mandamus compelling Loftis to perform the act in question. *See Sloan v. Friends of the Hunley, id.* at 26, 630 S.E.2d at 477; *see also* 52 Am.Jur.2d *Mandamus* § 44 (West 2011) (a writ of mandamus should not issue in anticipation that a party will refuse to perform his or her duty when time comes).

Accordingly, we dismiss the petition for a writ of mandamus as moot.

**DISMISSED.**

TOAL, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.