761 S.E.2d 779

**Jennifer BROWN, Appellant,**

**v.**

**Baby Girl HARPER, a minor under the age of seven, and Holly Lawrence, Respondents.**

**Appellate Case No. 2014–000977.**

**No. 5260.**

Court of Appeals of South Carolina.

Heard July 23, 2014.
Decided Aug. 4, 2014.
Rehearing Denied Aug. 14, 2014.

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Shannon Phillips Jones, of Shannon Jones, Attorney at Law, LLC, of Charleston, for Appellant.

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg; and Allison Boyd Bullard, of Harling & West, LLC, of Lexington, for Respondent.

Jon A. Mersereau, of Charleston, Guardian Ad Litem.

PER CURIAM.

In this adoption case, we hold the execution of a consent to adopt document must strictly comply with section

63–9–340 of the South Carolina Code (2010). We affirm the family court's determination that the consent document signed by the birth mother was rendered invalid by (1) the failure of the attorney-witness to be present when the birth mother signed the document and (2) the failure of both witnesses to observe the statutorily-required discussion of the provisions of the consent to adopt document.[1]

## I. Validity of the Consent to Adopt Document

■ "Adoption exists in this state only by virtue of statutory authority which expressly prescribes the conditions under which an adoption may legally be effected. Since the right of adoption in South Carolina is not a natural right but wholly statutory, it must be strictly construed." *Hucks v. Dolan,* 288 S.C. 468, 470, 343 S.E.2d 613, 614 (1986) (citation omitted).

Adoptions are carried out pursuant to the South Carolina Adoption Act. S.C.Code Ann. §§ 63–9–10 to –2290 (2010 & Supp.2013). Under the Act, "Consent or relinquishment for the purpose of adoption ... must be made by a sworn document, signed by the person ... giving consent or relinquishment...." S.C.Code Ann. § 63–9–330(A) (2010). Section 63–9–330(A) sets forth a list of items that must be specified in the consent to adopt document. The requirements for executing the document are set forth in section 63–9–340:

(A) The sworn document ... must be signed in the presence of two witnesses one of whom must be one of the following:

(1) a judge of any family court in this State;

(2) an attorney licensed to practice law in South Carolina who does not represent the prospective adoption petitioners;

(3) a person certified by the State Department of Social Services ... to obtain consents or relinquishments;

. . . .

---

1. We disagree with Lawrence's contention that the underlying order is not immediately appealable. The family court's finding that the consent document was invalid constitutes a final decision that Brown cannot proceed with the adoption of the child. Thus, it is a final order that is immediately appealable. *See Terry v. Terry,* 400 S.C. 453, 456–57, 734 S.E.2d 646, 648 (2012) (defining temporary family court orders as "temporary—they neither decide any issue with finality nor affect a substantial right...." ).

(B) The persons who witness the signing of the sworn document ... shall attach to the document written certification signed by each witness that before the signing of the document, the provisions of the document were discussed with the person giving consent or relinquishment, and that based on this discussion, it is each witness' opinion that consent or relinquishment is being given voluntarily and that it is not being obtained under duress or through coercion.

The important facts in this appeal are simple. The attorney-witness was not in the room when the birth mother, Holly Lawrence, signed the consent document, and neither witness observed any discussion with Lawrence before Lawrence signed it.[2] The adoptive mother, Jennifer Brown, concedes the execution of the consent document did not strictly comply with section 63–9–340.

The plain and mandatory language of section 63–9–340 indicates the legislature intended strict compliance. Subsection (A) states the document *"must* be signed in the presence of two witnesses." (emphasis added). Subsection (B) states the witnesses "shall" certify that the provisions of the document were discussed with the person giving consent *"before* the signing of the document." (emphasis added). The requirement in subsection (B) of "certification ... based on this discussion" indicates the witnesses must have personal knowledge of the discussion based on their observation of it.

Our interpretation of the Act as requiring strict compliance with section 63–9–340 is supported not only by *Hucks,* but also by the Act itself. Section 63–9–20 of the South Carolina Code (2010) provides, "The purpose of this article is to establish fair and reasonable procedures for the adoption of children...." The legislature intended that strict compliance with the procedures set forth in section 63–9–340 be required in order to reduce litigation, promote finality, and ensure consent documents are voluntary. *See McCann v. Doe,* 377

---

2. Lawrence was not married when she delivered the child, and we do not address whether the biological father's consent was required. *See* S.C.Code Ann. § 63–9–310(A)(4), (5) (2010) (setting forth certain requirements that must be met before an unwed father's consent to adopt is required).

S.C. 373, 390, 660 S.E.2d 500, 509 (2008) ("[P]rotections need to be in place for both biological and adoptive parents to ensure the decision to give a child for adoption is a thoughtful and certain one and not likely to be challenged in a long, arduous, and emotionally-wrenching legal process...."). Because the execution of a consent document must strictly comply with section 63–9–340, the consent document is invalid and the adoption may not proceed. Therefore, Lawrence could not ratify the invalid consent by her subsequent acts.

## II.  Remaining Issues

We decline to determine whether the Rule 62(a), SCRCP, ten-day automatic stay was applicable to the family court's order because our order granting supersedeas rendered that issue moot. *See Sloan v. Dep't of Transp.,* 379 S.C. 160, 167, 666 S.E.2d 236, 240 (2008) ("This Court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy." (internal quotation marks omitted)); *Curtis v. State,* 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy."). We do not address the best interest of the child because it is not an issue when the consent document is invalid. Finally, because we are affirming the family court's order in favor of Lawrence, we do not address Brown's request for attorney's fees.

## III.  Conclusion

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

FEW, C.J., and WILLIAMS and KONDUROS, JJ., concur.