**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Monique Fulton, Lawrence Shingler, and James Lee
Epps, Defendants,

Of whom Monique Fulton is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-002066

———————————

Appeal From Williamsburg County
Gordon B. Jenkinson, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-244
Submitted May 15, 2017 – Filed June 8, 2017

———————————

**APPEAL DISMISSED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Bertila Ivane Delora Boyd-Bostic, of Bostic & Boyd,
LLC, of Columbia, as the Guardian ad Litem for
Appellant.

Ernest Joseph Jarrett, of Jenkinson Jarrett & Kellahan, PA, of Kingstree, for Respondent.

William M. O'Bryan, Jr., of O'Bryan & O'Bryan, of Kingstree, for the Guardian ad Litem for the minors.

---

**PER CURIAM:**  Dismissed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 203(b)(1), (3), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.,* if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has *no authority or discretion to 'rescue' the delinquent party* by extending or ignoring the deadline for service of the notice." (emphasis added)); *Canal Ins. Co. v. Caldwell*, 338 S.C. 1, 5, 524 S.E.2d 416, 418 (Ct. App. 1999) (holding the failure to timely serve the notice of appeal "divests this court of subject matter jurisdiction and results in dismissal of the appeal"); *Terry v. Terry*, 400 S.C. 453, 456-57, 734 S.E.2d 646, 648 (2012) ("A temporary order of the family court is without prejudice to the rights of the parties.  Such orders are, by definition, temporary—they neither decide any issue with finality nor affect a substantial right . . . .  The family court at the final hearing has the authority to redress any error from the temporary order."); *id.* at 457, 734 S.E.2d at 648 ("If a party desires to challenge the family court's final resolution of the matter, the aggrieved party may appeal from final judgment."); *Hooper v. Rockwell*, 334 S.C. 281, 291, 513 S.E.2d 358, 363 (1999) ("[A]n order issued as a result of a probable cause hearing in an emergency removal case is interlocutory in nature and not immediately appealable."); *id.* at 291, 513 S.E.2d at 364 ("However, any order issued as a result of a merit hearing, as well as any later order issued with regard to a treatment, placement, or permanent plan, is a final order that a party must timely appeal.").[1]

---

[1] To the extent Mother argues the family court erred in finding probable cause for Children's removal and in awarding temporary custody of Children to their fathers in an interim order, we find these issues are moot.  *See S.C. Ret. Sys. Inv. Comm'n v. Loftis*, 402 S.C. 382, 384, 741 S.E.2d 757, 758 (2013) ("A case is moot where a judgment rendered by the [c]ourt will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual

**APPEAL DISMISSED.**[2]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

relief impossible for the [c]ourt.  Where there is no actual controversy, this [c]ourt will not decide moot or academic questions." (citations omitted)).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.