**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jessica Erica Kinsale, Appellant,

v.

Kirk Shawn Kinsale, Respondent.

Appellate Case No. 2016-000131

———————————

Appeal From Richland County
Monét S. Pincus, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-271
Heard June 5, 2017 – Filed July 5, 2017

———————————

**VACATED**

———————————

Bertila Ivane Delora Boyd-Bostic and Antoine Terrell Bostic, both of Bostic & Boyd, LLC, of Columbia, for Appellant.

Thomas M. Neal, III, of Law Offices of Thomas M. Neal, III, and Cyril B. Rush, Jr., of The Rush Law Firm, LLC, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Jessica Kinsale (Wife) appeals the family court's decision finding her in contempt and awarding attorney's fees to Kirk Kinsale (Husband). Wife contends the family court erred in (1) asserting jurisdiction over a temporary

order pending Wife's appeal of the final divorce order, (2) finding Wife in contempt regarding the payment of property taxes after 2013, and (3) granting attorney's fees to Husband for the contempt hearing.  We vacate.

The family court erred in asserting jurisdiction over the temporary order while the final order was on appeal.  The temporary order, issued in 2014, directed Wife to pay the property taxes of the daycare business and to comply with a payment plan she worked out with the county for the 2013 taxes.  In 2015, the final order directed Wife to continue to pay all debt of the daycare business.  Wife then appealed the final order on September 10, 2015.  Husband later requested the family court hold Wife in contempt of the temporary order for failing to pay the property taxes of the daycare business, while the final order was still on appeal. We find the family court erred in proceeding with a matter that was affected by the appeal.  Rule 205, SCACR, provides: "Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal . . . .  Nothing in these Rules shall prohibit the lower court . . . from proceeding with matters not affected by the appeal."  Rule 241(a), SCACR, provides: "[T]he service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order . . . on appeal . . . .  This automatic stay continues in effect for the duration of the appeal unless lifted by order of the lower court . . . .  The lower court . . . retains jurisdiction over matters not affected by the appeal including the authority to enforce any matters not stayed by the appeal."  *See also Terry v. Terry*, 400 S.C. 453, 457, 734 S.E.2d 646, 648 (2012) (holding a purported error in a temporary order should be addressed at the final hearing and a challenge to a final order may be made by appeal of the final order).[1]

**VACATED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] Based on our finding regarding jurisdiction, we decline to address Wife's arguments the family court erred in finding Wife in contempt and awarding attorney's fees to Husband.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the appellate court need not address remaining issues when the previous issue is dispositive).