**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joan Fancy, Respondent,

v.

Howard Fancy, Appellant.

Appellate Case No. 2016-000085

---

Appeal From Dorchester County
Nancy C. McLin, Family Court Judge

---

Unpublished Opinion No. 2017-UP-382
Submitted September 1, 2017 – Filed October 18, 2017

---

**AFFIRMED**

---

Howard Fancy, of Goose Creek, pro se.

Ashley Elizabeth Ameika, of Ameika Law, LLC, of North Charleston, for Respondent.

---

**PER CURIAM:** Howard Fancy appeals the family court's civil contempt order for nonpayment of support, arguing this court should reverse the family court's finding of contempt because (1) his counsel was ineffective at the contempt hearing and throughout the case; (2) the family court violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution; (3) the preponderance of the evidence did not show he willfully violated a court order and

instead he proved beyond a reasonable doubt he was unable to pay $1,000 per month in alimony; (4) he proved his wife failed to declare all her assets; and (5) the family court violated the rules of professional conduct. We affirm.[1]

1. A claim for ineffective assistance of counsel does not apply to a civil contempt hearing before the family court. *See State v. Carpenter*, 277 S.C. 309, 310, 286 S.E.2d 384, 384 (1982) (providing claims of ineffective assistance of counsel must be asserted under the Post-Conviction Relief Act); S.C. Code Ann. § 17-27-20 (2014) (stating the Post-Conviction Relief Act applies to persons convicted of or sentenced for a crime).

2. The constitutional protections afforded to criminal defendants under the Sixth Amendment did not apply to the rule to show cause hearing in this case because the family court found Fancy in civil contempt. *See Miller v. Miller*, 375 S.C. 443, 457, 652 S.E.2d 754, 761 (Ct. App. 2007) (stating contempt is civil if the person found in contempt may purge the sanctions imposed by the court by complying with the court order); *see also* U.S. Const. amend. VI (recognizing that "[i]n all criminal prosecutions, the accused shall enjoy" additional constitutional protections); *DiMarco v. DiMarco*, 393 S.C. 604, 609, 713 S.E.2d 631, 634 (2011) (recognizing that the protections of the Sixth Amendment may be applicable to *criminal* contempt proceedings).

3. The family court did not abuse its discretion in finding Fancy in contempt. *See Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("The determination of contempt ordinarily resides in the sound discretion of the [family court]."); *id.* at 443, 452, 652 S.E.2d at 759 ("An appellate court should reverse a decision regarding contempt 'only if it is without evidentiary support or the trial [court] has abused [its] discretion.'" (quoting *Durlach v. Durlach*, 359 S.C. 64, 70, 652 S.E.2d 754, 759 (Ct. App. 2007))). A prima facie case for contempt existed because the family court's temporary order required Fancy to make alimony payments, and Fancy failed to make payments. *See Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order."). Further, Fancy failed to establish a defense or an inability to comply with the court order because although he claimed he could not afford to pay alimony, evidence of Fancy's earnings support the family court's finding Fancy could have paid some or all of the alimony required by the temporary order. *See Miller*, 375 S.C. at 454, 652

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

S.E.2d at 760 (providing that after a prima facie case for contempt is established, the burden shifts to the contemnor to establish a defense or inability to comply with the court order).

4.  Any issues regarding whether Fancy's wife failed to disclose assets in her financial declaration before the family court's temporary hearing are irrelevant to whether Fancy failed to comply with a court order.  A contempt hearing is not the appropriate time to raise issues regarding the family court's temporary order.  *See Terry v. Terry*, 400 S.C. 453, 457, 734 S.E.2d 646, 648 (2012) ("Perceived errors in family court temporary orders are to be redressed . . . at the final hearing.").

5.  This court lacks jurisdiction over allegations of judicial misconduct.  *See* Rule 3(b)(1), RJDE, Rule 502, SCACR ("The Commission [on Judicial Conduct] has jurisdiction over judges regarding allegations that misconduct occurred before or during service as a judge and regarding allegations of incapacity during service as a judge."); Rule 27, RJDE, Rule 502, SCACR (allowing for review by the supreme court of the hearing panel's decision in judicial disciplinary matters).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**