**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Martha M. Coleman, Respondent,

v.

Jeffrey W. Coleman and Brooks Walters, Defendants,

Of whom Martha M. Coleman is the Respondent and Brooks Walters is the Appellant.

Appellate Case No. 2022-001209

———————————

Appeal From Sumter County
Thomas M. Bultman, Family Court Judge

———————————

Unpublished Opinion No. 2025-UP-228
Submitted June 1, 2025 – Filed July 9, 2025

———————————

**AFFIRMED**

———————————

J. Michael Taylor, of Taylor/Potterfield, of Columbia; and William Andrew Wallace Buxton, of The Law Office of William A.W. Buxton, LLC, of Sumter; both for Appellant.

Christopher Ryan DuRant, of Johnson DuRant, LLC, of Manning, for Respondent.

———————————

**PER CURIAM:** Brooks Walters appeals the family court's order denying his motion to reconsider its order holding him in civil contempt for failure to comply with the terms of a supplemental temporary order in an action Martha Coleman filed against Walters for paternity and child support. On appeal, Walters argues the family court erred in denying his motion because (1) the family court lacked personal jurisdiction over him and (2) the law of the case did not preclude the family court from reconsidering whether personal jurisdiction was proper. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the issue of personal jurisdiction is not preserved for appellate review because Walters did not challenge personal jurisdiction at the hearing where the court held him in civil contempt. *See Williams v. Williams*, 436 S.C. 550, 558, 873 S.E.2d 785, 790 (Ct. App. 2022) ("An appellate court reviews decision of the family court de novo."); *Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Bakala v. Bakala*, 352 S.C. 612, 629, 576 S.E.2d 156, 165 (2003) ("Objections to personal jurisdiction, unlike subject matter jurisdiction, are waived unless raised."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e)[, SCRCP,] to present to the court an issue the party could have raised prior to judgment but did not.").

2. We hold that although the family court erred in denying Walters's motion for reconsideration based upon the law of the case doctrine, the family court properly denied his motion because Walters waived personal jurisdiction by failing to raise the matter to the family court at the hearing where the court held him in civil contempt. *See Williams*, 436 S.C. at 558, 873 S.E.2d at 790 ("An appellate court reviews decision of the family court de novo."); *Terry v. Terry*, 400 S.C. 453, 456-57, 734 S.E.2d 646, 648 (2012) ("A temporary order of the family court is without prejudice to the rights of the parties. Such orders are, by definition, temporary—they neither decide any issue with finality nor affect a substantial right within the meaning of [Section 14-3-330(2) of the South Carolina Code (2017)]." (citation omitted)); § 14-3-330(2)(a) (providing for immediate appeal from a final order "affecting a substantial right made in an action when such order . . . in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action"); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *but see id*. ("The doctrine of the law of the case applies to an order or ruling which finally determines a substantial right. . . .

Ordinarily an interlocutory order which merely decides some point or matter essential to the progress of the cause, collateral to the issues in the case, is not binding as the law of the case, and may be reconsidered and corrected by the court before entering a final order on the merits." (quoting *Weil v. Weil,* 299 S.C. 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989))); *Bakala*, 352 S.C. at 629, 576 S.E.2d at 165 ("Objections to personal jurisdiction, unlike subject matter jurisdiction, are waived unless raised."); *Hickman*, 301 S.C. at 456, 392 S.E.2d at 482 ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not."); *see also Terry*, 400 S.C. at 457, 734 S.E.2d at 648 ("Perceived errors in family court temporary orders are to be redressed . . . at the final hearing.  For issue preservation purposes, any such challenge must be placed on the record at the commencement of the final hearing.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.